NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4061

THE STATE EX REL. SUWALSKI, APPELLEE, *v.* PEELER, JUDGE; EWING, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Suwalksi v. Peeler*, Slip Opinion No. 2021-Ohio-4061.]

*Prohibition—Marsy's Law, Ohio Constitution, Article I, Section 10a—Federal Gun Control Act, 18 U.S.C. 921 et seq.—Federal firearms disability—Restoration of firearms rights—Court of appeals' judgment granting writ of prohibition invalidating judge's grant of misdemeanor-domestic-violence offender's application for relief from federal firearms disability affirmed.*

(No. 2020-0755—Submitted April 27, 2021—Decided November 18, 2021.)

APPEAL from the Court of Appeals for Warren County, No. CA2019-05-053, 2020-Ohio-3233.

_____

**O'CONNOR, C.J.**

{¶ 1} Appellant, Roy Ewing, was convicted in Warren County of misdemeanor domestic violence for assaulting his then-wife, appellee, Jamie Suwalski. As a result of that conviction, federal law prohibits Ewing from possessing a firearm, *see* 18 U.S.C. 922(g)(9), unless, as relevant in this case, the domestic-violence offense is one for which Ewing "has had [his] civil rights restored" under Ohio law, 18 U.S.C. 921(a)(33)(B)(ii). Ewing filed in the Warren County Court of Common Pleas an application under R.C. 2923.14 for relief from his federal firearms disability, and Judge Robert W. Peeler,[1] a judge of that court, granted Ewing's application and issued an order restoring his firearms rights.

{¶ 2} Suwalski sought a writ of prohibition in the Twelfth District Court of Appeals, seeking to prevent Judge Peeler's order from being effective and invoking Article I, Section 10a of the Ohio Constitution, also known as "Marsy's Law." The court of appeals permitted Ewing to intervene. The court of appeals granted the writ, holding that Judge Peeler lacked the judicial power to relieve Ewing of the federal firearms disability imposed by 18 U.S.C. 922(g)(9). 2020-Ohio-3233, 155 N.E.3d 47, ¶ 24.

{¶ 3} We agree that a writ of prohibition is warranted, but our rationale for that conclusion differs from that of the court of appeals. Because Suwalski has established the elements necessary for a writ of prohibition, we affirm the judgment of the court of appeals.

## I. Relevant Background

*A. Ewing Is Convicted of Domestic Violence for Assaulting Suwalski*

{¶ 4} In April 2017, Ewing was convicted in Warren County of domestic violence under R.C. 2919.25 and violating a protection order under R.C. 2919.27, both first-degree misdemeanors. The convictions arose from Ewing's assault of

---

1. Ewing initiated the appeal to this court. Judge Peeler, who was the respondent in the court of appeals, did not file a notice of appeal or otherwise participate in this appeal.

Suwalski. He was sentenced to 20 days in jail, with ten days suspended, one year of probation, and a fine. The Twelfth District affirmed Ewing's domestic-violence conviction on direct appeal. *State v. Ewing*, 12th Dist. Warren Nos. CA2017-05-062 and CA2017-05-063, 2018-Ohio-451.

### B. Relevant Firearms-Disability and Restoration Statutes

{¶ 5} Ewing's conviction for misdemeanor domestic violence triggered his firearms disability under the federal Gun Control Act, 18 U.S.C. 921 et seq. Specifically, 18 U.S.C. 922(g)(9) provides:

> It shall be unlawful for any person * * * who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.[2]

{¶ 6} The firearms restrictions imposed by 18 U.S.C. 922(g)(9) do not apply to every misdemeanor-domestic-violence conviction. In the definitions section of the Gun Control Act, Congress provided four circumstances in which a misdemeanor-domestic-violence conviction does not trigger the firearms restrictions:

> A person shall not be considered to have been convicted of such an offense for purposes of [18 U.S.C. 921 et seq.] if the

---

2. Ewing has not argued that the "interstate commerce" limitation in 18 U.S.C. 922(g) renders the statute inapplicable to him. Indeed, by seeking relief from the disability imposed by 18 U.S.C. 922(g)(9), Ewing implicitly acknowledges that he might engage in firearms-related activity covered by the statute.

conviction has been expunged or set aside, or is an offense for which the person has been pardoned *or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)* unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis added.) 18 U.S.C. 921(a)(33)(B)(ii).

{¶ 7} The law of the jurisdiction in which a person was convicted determines whether the person has had his "civil rights restored" within the meaning of the Gun Control Act. *See Caron v. United States*, 524 U.S. 308, 312-313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). Governing such a determination under Ohio law is R.C. 2923.14, which allows "any person who is prohibited from acquiring, having, carrying, or using firearms" to "apply to the court of common pleas in the county in which the person resides for relief from such prohibition." R.C. 2923.14(A)(1). Relevant here, R.C. 2923.14 allows a common pleas court to grant the application if the applicant (1) has been "fully discharged" (if the disability was the result of a conviction), (2) "has led a law-abiding life since discharge * * * and appears likely to continue to do so," and (3) "is not otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(1)(a) and (D)(2) and (3).

*C. Ewing Applies for Relief from His Firearms Disability*

{¶ 8} In February 2019, Ewing filed in the Warren County Court of Common Pleas an application for relief under R.C. 2923.14, seeking an order relieving him of the firearms restrictions imposed by 18 U.S.C. 922(g)(9). The state did not contest the trial court's authority to grant the requested relief; to the contrary, it stipulated that R.C. 2923.14 allows a court of common pleas to grant relief from a federal firearms disability to a person who is under the disability due

4

to a misdemeanor-domestic-violence conviction. The state did not call Suwalski as a witness at the hearing on Ewing's application, but it submitted to the court her unsworn statement opposing the restoration of Ewing's firearms rights.

{¶ 9} Judge Peeler granted Ewing's application and ordered that he be "restored to all civil firearm rights to the extent enjoyed by any citizen." The state did not appeal Judge Peeler's ruling.

### D. Suwalski Seeks Relief in Prohibition

{¶ 10} One month after Judge Peeler granted Ewing's application, Suwalski filed a complaint for a writ of prohibition in the Twelfth District. Suwalski alleged that Judge Peeler lacked jurisdiction to relieve Ewing of his federal firearms disability and that Judge Peeler's order doing so violated her rights, as a crime victim, to safety and protection under Marsy's Law, Article I, Section 10a(1) and (4) of the Ohio Constitution. She further alleged that she had the right to petition the court of appeals for relief under Article I, Section 10a(B). Specifically, she sought a writ of prohibition restraining Judge Peeler from carrying into effect his order relieving Ewing of the firearms disability.

{¶ 11} The court of appeals granted Ewing's motion to intervene, and the case was submitted for a decision following the parties' filing of merit briefs and a stipulated statement of facts. The court of appeals granted a writ of prohibition, holding that Judge Peeler lacked the judicial power under Ohio law to relieve Ewing of the federal firearms disability imposed by 18 U.S.C. 922(g)(9). 2020-Ohio-3233, 155 N.E.3d 47, at ¶ 24.

{¶ 12} Ewing appealed to this court as of right.

### II. Analysis

{¶ 13} In an appeal of right from a court of appeals' judgment in an extraordinary-writ action, we review the judgment as if the action had been originally filed in this court. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166-167, 364 N.E.2d 1 (1977).

### A. Marsy's Law

{¶ 14} Marsy's Law was established on February 5, 2018, when Article I, Section 10a of the Ohio Constitution was amended following an initiative adopted by Ohio voters at the 2017 general election. Marsy's Law enumerates ten victims' rights, "which shall be protected in a manner no less vigorous than the rights afforded to the accused." Article I, Section 10a(A), Ohio Constitution. Those rights include the following:

(1) to be treated with fairness and respect for the victim's safety, dignity and privacy;

(2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings;

(3) to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated;

(4) to reasonable protection from the accused or any person acting on behalf of the accused;

(5) upon request, to reasonable notice of any release or escape of the accused;

(6) except as authorized by section 10 of Article I of th[e] constitution, to refuse an interview, deposition, or other discovery request made by the accused or any person acting on behalf of the accused;

(7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim;

(8) to proceedings free from unreasonable delay and a prompt conclusion of the case;

(9) upon request, to confer with the attorney for the government; and

(10) to be informed, in writing, of all rights enumerated in this section.

*Id.*

**{¶ 15}** Marsy's Law additionally provides victims with the ability to vindicate those rights in the courts:

The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

Ohio Constitution, Article I, Section 10a(B).

### B. Ewing's Exhaustion Argument

**{¶ 16}** In his first proposition of law, Ewing argues that Suwalski failed to "exhaust" her claim in the trial court before she sought relief in the court of appeals.

**{¶ 17}** We do not find Ewing's argument persuasive. Article I, Section 10a(B) of the Ohio Constitution allows a victim to "assert the rights enumerated" in Article I, Section 10a(A) "in any proceeding involving the criminal offense" and allows the victim to "petition the court of appeals" if the relief sought is denied. In this case, Suwalski—a nonparty to the firearms-restoration proceeding in the

common pleas court—raised her objection to Ewing's application by submitting to that court a statement in opposition to the application.

{¶ 18} We hold that Suwalski sufficiently asserted her rights in the common pleas court. And having done so, she did not fail to exhaust her claim and had the right to petition the court of appeals for relief after Judge Peeler granted Ewing's application over her objection.

### C. Suwalski Invoked Rights Protected by Marsy's Law

{¶ 19} In his second proposition of law, Ewing challenges the notion that Marsy's Law is applicable in this case. Ewing contends that an application for relief from a firearms disability does not implicate any of the victims' rights enumerated in Marsy's Law and that Suwalski therefore had no right to petition the court of appeals for relief under Marsy's Law.

{¶ 20} We reject Ewing's argument. At least two rights under Marsy's Law are applicable here—the right "to be treated with fairness and respect for the victim's safety" and the right "to reasonable protection from the accused." Ohio Constitution, Article I, Sections 10a(A)(1) and (4). And Article I, Section 10a(B) allows a victim to assert her rights "in any proceeding *involving* the criminal offense." (Emphasis added.) We hold that Ewing's application to the common pleas court under R.C. 2923.14 to relieve him of his federal firearms disability, which was imposed as a result of his domestic-violence conviction for assaulting Suwalski, was a proceeding "involving the criminal offense" under Article I, Section 10a(B).

{¶ 21} In determining the meaning of the phrase "involving the criminal offense" in Article I, Section 10a(B), we must give the words their usual, normal, or customary meaning. *Toledo City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 146 Ohio St.3d 356, 2016-Ohio-2806, 56 N.E.3d 950, ¶ 16. Here, the natural meaning of the word "involving" is "to relate closely" or "connect." *Webster's Third New International Dictionary* 1191 (1993). The firearms disability imposed

on Ewing under federal law exists only because of his domestic-violence conviction for assaulting Suwalski. *See* 18 U.S.C. 922(g)(9). Moreover, the language of R.C. 2923.14 connects a proceeding for relief from a firearms disability to the criminal offense that caused the disability. *See* R.C. 2923.14(B)(1) (requiring an applicant to recite in the application all "indictments, convictions, or adjudications upon which the applicant's disability is based"). Indeed, if a firearms disability is based upon a criminal conviction, a court may not grant the application unless the applicant "has been fully discharged from [any] imprisonment, community control, post-release control, [or] parole" relating to the conviction. R.C. 2923.14(D)(1)(a). Thus, under R.C. 2923.14's plain terms, an application for relief from a firearms disability involves "the criminal offense," at least when, as here, the firearms disability arose from a criminal conviction.

### D. Res Judicata

{¶ 22} In his third proposition of law, Ewing posits that Suwalski's prohibition action is barred by res judicata. Under the doctrine of res judicata, a prior valid judgment on the merits bars a subsequent action between the same parties, or their privies, as to all claims that were or might have been litigated in the prior action. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-382, 653 N.E.2d 226 (1995). Without citing any applicable legal authority, Ewing argues that Judge Peeler's order, which the state did not appeal, is a prior valid judgment on the merits that has the effect of res judicata on Suwalski's prohibition action.

{¶ 23} Article I, Section 10a(B) of the Ohio Constitution unequivocally grants to crime victims the right to petition the court of appeals if they are denied relief in a proceeding involving the criminal offense or in which the victim's rights are implicated. In this case, Suwalski opposed Ewing's application in the common pleas court and then petitioned the court of appeals after Judge Peeler granted the application over her objection. And to apply res judicata as a bar to Suwalski's

prohibition action in the court of appeals would be inconsistent with the constitutional rights granted to crime victims under Marsy's Law.

*E. The Merits of Suwalski's Prohibition Action*

{¶ 24} In his final proposition of law, Ewing argues that prohibition does not lie under the facts of this case. He argues that even if Judge Peeler had "debatable jurisdiction" over the proceeding involving his application for relief from his federal firearms disability, jurisdiction was not patently and unambiguously lacking. He also argues that the trial court's grant of his application was proper. And Ewing contends that even if that ruling was incorrect, Judge Peeler erred only in the *exercise* of his jurisdiction—an error for which a writ of prohibition will not issue.

{¶ 25} To be entitled to a writ of prohibition, Suwalski must establish that (1) Judge Peeler is about to or has exercised judicial power, (2) his exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, ¶ 9. Suwalski need not satisfy the third requirement if Judge Peeler "patently and unambiguously" lacked jurisdiction. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

### 1. *Judge Peeler's Exercise of Judicial Power in Granting Ewing's Application Was Unauthorized by Law*

{¶ 26} There is no question that Judge Peeler exercised judicial power in considering Ewing's application and granting him relief under R.C. 2923.14. Thus, we turn to the second element necessary for Suwalski to establish her entitlement to a writ of prohibition: whether Judge Peeler's exercise of judicial power was unauthorized by law. *See Shumaker* at ¶ 9.

{¶ 27} Ewing is subject to a firearms disability under 18 U.S.C. 922(g)(9), a federal statute that prohibits a person who has been convicted of misdemeanor

domestic violence from possessing a firearm. Ewing argues that his application to restore his firearms rights under R.C. 2923.14 was appropriately granted because 18 U.S.C. 921(a)(33)(B)(ii) empowers a state to remove a federal firearms disability when, under the state's law, "the person * * * has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)." Ewing's interpretation of 18 U.S.C. 921(a)(33)(B)(ii) is incorrect, and so is his argument concerning the reach of a common pleas court's authority under R.C. 2923.14.

{¶ 28} Ewing's interpretation of 18 U.S.C. 921(a)(33)(B)(ii) ignores the statute's qualification that a person is not subject to a federal firearms disability based on a domestic-violence conviction if his civil rights have been "restored" under state law—i.e., the person must have first *lost those civil rights under state law* as a result of the offense. *See Logan v. United States*, 552 U.S. 23, 36, 128 S.Ct. 475, 169 L.Ed.2d 432 (2007) (noting that the words "civil rights restored" in 18 U.S.C. 921(a)(33)(B)(ii) "do not cover a person whose civil rights were never taken away" under state law). Again, 18 U.S.C. 921(a)(33)(B)(ii) applies only "*if* the law of the applicable jurisdiction provides for the *loss* of civil rights under such an offense." (Emphasis added.) But Ewing never lost those civil rights under Ohio law as a result of his misdemeanor-domestic-violence conviction. Under Ohio's weapons-under-disability statute, an offender's conviction for misdemeanor domestic violence (or any other misdemeanor) does not bar the offender from acquiring, having, carrying, or using a firearm. R.C. 2923.13(A)(2) and (3). Thus, the exception in 18 U.S.C. 921(a)(33)(B)(ii) is inapplicable to Ewing's misdemeanor-domestic-violence conviction. As a matter of federal law, Ewing was ineligible to have his firearms rights restored because he never lost those rights under Ohio law.

{¶ 29} Ewing is thus ineligible to have any firearms rights restored as a matter of Ohio law. In order for an Ohio court to grant relief from a firearms

11

disability, the applicant must not be "otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(3). As explained above, Ewing is prohibited by federal law from possessing firearms by virtue of his domestic-violence conviction; he has no Ohio-law firearms disability. He therefore does not qualify for any relief from his firearms disability under R.C. 2923.14. In fact, Ewing remains under that disability notwithstanding Judge Peeler's order. Thus, Judge Peeler's grant of Ewing's application was unauthorized by law, because nothing in federal or Ohio law permitted Judge Peeler to grant the application.

{¶ 30} In arguing that Judge Peeler had the statutory authority to relieve him of his federal firearms disability, Ewing asserts that this court must give weight to an uncodified section of 2011 H.B. No. 54, which amended R.C. 2923.14. That uncodified section states:

> It is the intent of the General Assembly in amending section 2923.14 of the Revised Code to apply the amendments to that section retroactively to any restoration of rights granted previously to any applicant under section 2923.14 of the Revised Code or under any previous version of that section. The General Assembly is explicitly making this amendment to clarify that relief from a weapons disability granted under section 2923.14 of the Revised Code restores a person's civil firearm rights to such an extent that *the uniform federal ban on possessing any firearms at all, 18 U.S.C. 922(g)(1), does not apply to that person*, in correlation with the U.S. Supreme Court's interpretation of 18 U.S.C. 921(a)(20) in *Caron*[, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303].

(Emphasis and brackets added.) 2011 H.B. No. 54, Section 3.

{¶ 31} Ewing overstates the reach of Section 3. That provision expressly refers to a court's authority to relieve a person of a disability that was imposed under 18 U.S.C. 922(g)(1).[3] But Ewing's federal firearms disability arose by operation of 18 U.S.C. 922(g)(9), not 18 U.S.C. 922(g)(1). The General Assembly did not indicate any intent to authorize courts to restore firearms rights lost by domestic-violence offenders under 18 U.S.C. 922(g)(9). In any event, again, Ewing is not under any Ohio-law weapons disability for his misdemeanor-domestic-violence conviction.

{¶ 32} We hold that Judge Peeler's grant of Ewing's application to remove his federal firearms disability was not authorized by law.

### 2. No Adequate Remedy Exists in the Ordinary Course of the Law

{¶ 33} The final requirement for a writ of prohibition is whether denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law, *Shumaker*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, at ¶ 9, or if that element is not satisfied, whether Judge Peeler "patently and unambiguously" lacked subject-matter jurisdiction. *Sapp*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 15. Although Judge Peeler erred in granting relief to Ewing, we hold that he did not lack subject-matter jurisdiction over Ewing's application.

{¶ 34} R.C. 2923.14 confers jurisdiction on the courts of common pleas to grant applications for relief from firearms disabilities. To be sure, the courts must exercise their legal authority within the strictures contained in the statute. *See, e.g.*, R.C. 2923.14(D) (listing the requirements that must be satisfied before the court may grant an application for relief). But as a *jurisdictional* matter, R.C. 2923.14 grants general jurisdiction to the common pleas courts to adjudicate applications for relief from a firearms disability. The fact that Judge Peeler exercised that

---

3. Under 18 U.S.C. 922(g)(1), the firearms restrictions apply to any person who has been convicted of an offense that is punishable by imprisonment for a term exceeding one year.

jurisdiction erroneously does not give rise to a writ of prohibition. *See State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. "Indeed, there are many cases in which a court lacks the legal authority to grant the relief sought but nevertheless has subject-matter jurisdiction to hear the case." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 14.

{¶ 35} Nonetheless, we hold that denying the writ in this case would result in injury to Suwalski for which no other adequate remedy exists in the ordinary course of the law. Judge Peeler's order grants Ewing relief from his firearms disability—relief to which he is not entitled as a matter of law. And absent an extraordinary writ, Suwalski would be without a forum in which or a method to challenge the erroneous order and assert her rights under Marsy's Law.

{¶ 36} The availability of an appeal typically constitutes an adequate remedy. *See State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 248, 594 N.E.2d 616 (1992). But an appeal was not available to Suwalski. She was not a party to the application proceeding in the common pleas court. And the fact that a victim has the right to petition the court of appeals under Article I, Section 10a(B) of the Ohio Constitution does not make the victim a party or provide her standing on which to assert an appeal. *See State v. Hughes*, 2019-Ohio-1000, 134 N.E.3d 710, ¶ 16 (8th Dist.). Although the state could have appealed Judge Peeler's order, it did not represent Suwalski's interests; it even erroneously stipulated that Ewing was eligible to obtain relief from his federal firearms disability under R.C. 2923.14.

{¶ 37} Additionally, unlike the circumstances involved in *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 38-49 (lead opinion), in which the lead opinion determined that assault victims who had invoked Marsy's Law had an adequate remedy in the ordinary course of the law to challenge the trial court's discovery order in the underlying case, Suwalski was not the subject of a discovery order that required some action or acquiescence

on her part. Judge Peeler's order is also unlike a discovery order in general, which is an exercise of a court's broad discretion for which a writ of prohibition generally will not issue to correct even an abuse of that discretion. *See State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 11. The error here is not that Judge Peeler abused his discretion in applying R.C. 2923.14 to Ewing's fitness to be relieved of his firearms disability, but that R.C. 2923.14 did not provide a legal basis for the relief that Ewing sought as a matter of law.

{¶ 38} This case presents the type of extraordinary circumstances in which there is no clear path in the ordinary course of the law by which Suwalski may seek redress. Marsy's Law gives Suwalski the ability to assert her rights in the trial court and to petition the court of appeals if relief is denied. Article I, Section 10a(B), Ohio Constitution. But Marsy's Law does not define and, to date, the General Assembly has not defined, how such a petition might entitle a victim to relief. In this case, Suwalski objected to the restoration of Ewing's firearms rights in the common pleas court and then petitioned the court of appeals for relief in the form of a complaint for a writ of prohibition after Ewing's application was granted. Under the specific circumstances of this case, we hold that a complaint for a writ of prohibition was an appropriate way to petition the court of appeals for redress, because Judge Peeler's order was plainly unauthorized by R.C. 2923.14 and because Suwalski lacked an adequate remedy in the ordinary course of the law to redress the injuries to her rights under Marsy's Law. Thus, the court of appeals was correct in determining that extraordinary relief in prohibition is warranted.

### III. Conclusion

{¶ 39} For the reasons set forth above, we affirm the judgment of the court of appeals insofar as it granted a writ of prohibition invalidating Judge Peeler's grant of Ewing's application for relief from his federal firearms disability.

Judgment affirmed.

DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by FISCHER and DEWINE, JJ.

————————————

**KENNEDY, J., dissenting.**

{¶ 40} Article I, Section 10a of the Ohio Constitution, also known as "Marsy's Law," enumerates specific rights afforded to victims of crime, including the rights "to be treated with fairness and respect for the victim's safety, dignity and privacy" and "to reasonable protection from the accused or any person acting on behalf of the accused." Marsy's Law permits a victim of a crime to "petition the court of appeals for the applicable district" to vindicate his or her enumerated rights. Article I, Section 10a(B), Ohio Constitution.

{¶ 41} Relying on Marsy's Law, appellee, Jamie Suwalski, filed a complaint for a writ of prohibition in the Twelfth District Court of Appeals against Warren County Court of Common Pleas Judge Robert W. Peeler, asserting that he violated her rights under Marsy's Law when he purported to relieve her ex-husband, appellant, Roy Ewing, of a federal firearms disability. The court of appeals granted the writ. 2020-Ohio-3233, 155 N.E.3d 47, ¶ 24-25. However, based on the plain language of the enumerated rights established in Marsy's Law, the rights that Suwalski has asserted are not implicated in the underlying relief-from-disability matter. Suwalski has not claimed to have been *treated* without fairness and respect for her safety in the matter, and Ewing is no longer an *accused* person. Because she asserts no other grounds establishing a right to the relief that she seeks in prohibition, I would reverse the judgment of the Twelfth District and dismiss the action. Because the majority does not, I dissent.

**Facts and Procedural History**

{¶ 42} In April 2017, Ewing was convicted of a misdemeanor count of domestic violence. Suwalski was the victim of the offense. Because of that conviction, it is a federal crime for Ewing to possess a firearm or ammunition. *See* 18 U.S.C. 922(g)(9). However, he will not be under that disability if he "has [his]

16

civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)."  18 U.S.C. 921(a)(33)(B)(ii).

{¶ 43} Ewing sought relief under R.C. 2923.14 to remove the federal firearms disability, and Suwalski submitted an unsworn statement opposing the restoration of his firearms rights.  Judge Peeler issued an order purporting to restore Ewing's rights to keep and bear arms, notwithstanding the federal law.  The court of appeals granted Suwalski's request for a writ of prohibition.  It concluded that Marsy's Law gave her standing to sue, 2020-Ohio-3233, 155 N.E.3d 47, at ¶ 12, and it held that "Judge Peeler does not have the judicial power under Ohio law, specifically R.C. 2923.14, to relieve Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9)," *id.* at ¶ 24.

## Law and Analysis

### *Constitutional Construction*

{¶ 44} "The purpose of our written Constitution is to define and limit the powers of government and secure the rights of the people.  It controls as written unless changed by the people themselves through the amendment procedures established by Article XVI of the Ohio Constitution." *Cleveland v. State*, 157 Ohio St.3d 330, 2019-Ohio-3820, 136 N.E.3d 466, ¶ 16 (lead opinion).

{¶ 45} In discerning the meaning of a constitutional provision, we give undefined words in the provision their usual, normal, or customary meaning. *Toledo City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 146 Ohio St.3d 356, 2016-Ohio-2806, 56 N.E.3d 950, ¶ 16.  "[W]e may go beyond the text to consider other sources of meaning, such as the purpose of an amendment, the history of its adoption, or its attending circumstances, only 'when the language being construed is "obscure or of doubtful meaning." ' " *Cleveland* at ¶ 17, quoting *State ex rel. Wallace v. Celina*, 29 Ohio St.2d 109, 112, 279 N.E.2d 866 (1972), quoting *Cleveland v. Bd. of Tax Appeals*, 153 Ohio St. 97, 103, 91 N.E.2d 480 (1950).

*Marsy's Law*

{¶ 46} The people of Ohio adopted Marsy's Law "[t]o secure for victims justice and due process throughout the criminal and juvenile justice systems." Article I, Section 10a(A), Ohio Constitution. Section 10a(A)(1) grants a victim of a crime the right "to be treated with fairness and respect for the victim's safety, dignity and privacy," and Section 10a(A)(4) provides the victim the right "to reasonable protection from the accused or any person acting on behalf of the accused."

{¶ 47} Article I, Section 10a(B) guarantees a victim of a crime the right to assert the enumerated rights and to seek redress if the rights are denied:

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

Lastly, Section 10a(E) states that "[a]ll provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws."

{¶ 48} Suwalski maintains that "Article I, Section 10a(B) provides crime victims with explicit standing to assert their rights in trial courts and seek review of rights violations in appellate courts." I agree with that proposition. But under the facts of this case, Marsy's Law does not give Suwalski standing to bring the prohibition action at issue.

18

{¶ 49} Suwalski maintains that Marsy's Law grants victims of crime "constitutional rights to safety and protection." However, that is not what Marsy's Law says. Marsy's Law grants crime victims the right "to be treated with fairness and respect for the victim's safety, dignity and privacy," Article I, Section 10a(A)(1), but it does not create a freestanding right to safety. Further, Suwalski has not asserted that she has not been treated with fairness and respect. Marsy's Law does grant crime victims a right to reasonable protection, but it is a right to "reasonable protection from the accused," Article I, Section 10a(A)(4). And here, Ewing is no longer "the accused."

{¶ 50} A person becomes the accused when the prosecution of the person commences by indictment, complaint, or arrest. *See Dillingham v. United States*, 423 U.S. 64, 65, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). And a person ceases to be "the accused" once he or she is convicted. *Joseph v. State*, 236 Ind. 529, 538, 141 N.E.2d 109 (1957); *Steele v. State*, 52 Del. 5, 9, 151 A.2d 127 (1959); *see also Burnett v. State*, 514 S.W.2d 939, 941 (Tex.Crim.App.1974) ("a person remains accused until his conviction becomes final"). Ewing was convicted of the misdemeanor-domestic-violence offense against Suwalski, but he is not currently accused of any crime against Suwalski. Therefore, he is not "the accused" for purposes of Marsy's Law.

{¶ 51} We have also recognized that a person "has standing in a prohibition case if it 'is either a party to the proceeding sought to be prohibited * * * or demonstrates an injury in fact to a legally protected interest.' " (Ellipses added in *Chesapeake Exploration, L.L.C.*) *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 7, fn. 1, quoting *State ex rel. Matasy v. Morley*, 25 Ohio St.3d 22, 23, 494 N.E.2d 1146 (1986). But Suwalski was not a party to Ewing's relief-from-disability proceedings before Judge Peeler, and in this court, she has not pointed to any specific facts showing that she has suffered any injury based on the order. As the majority explains,

although Judge Peeler had subject-matter jurisdiction over Ewing's application, he lacked the authority to remove Ewing's federal firearms disability. Consequently, Suwalski has not been injured by the order purporting to restore Ewing's rights to keep and bear arms. A writ of prohibition, then, is of no benefit to her. *See State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 9 ("a court need not grant extraordinary relief in mandamus when the relator would receive no benefit from such an order").

{¶ 52} Lastly, even if Suwalski had standing to commence the prohibition action at issue, she would not be entitled to the writ. This court has indicated that intervention into a pending action may provide an adequate remedy in the course of the law. *See State ex rel. Schroeder v. Cleveland*, 150 Ohio St.3d 135, 2016-Ohio-8105, 80 N.E.3d 417, ¶ 18. The denial of a motion to intervene itself may be a final, appealable order. *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 6. And if Suwalski had been allowed to intervene in the relief-from-disability proceedings, she would have had the right to appeal the approval of Ewing's application, affording her an adequate remedy in the ordinary course of the law that precludes extraordinary relief in prohibition.

{¶ 53} For these reasons, I would reverse the judgment of the court of appeals and dismiss Suwalski's prohibition action. The majority does not, so I dissent.

FISCHER and DEWINE, JJ., concur in the foregoing opinion.

_____

Ohio Crime Victim Justice Center and Elizabeth A. Well; and Ohio Domestic Violence Network and Micaela Deming, for appellee.

Christopher Pagan, for appellant.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Gregory J. Phillips, Addisah Sherwood, and James J. Walsh Jr.; and Pillsbury Winthrop Shaw Pittman,

L.L.P., Bruce A. Ericson, Julia E. Judish, Jeetander T. Dulani, Charrise L. Alexander, Alton L. Hare, and Katherine T. Danial, urging affirmance for amici curiae Domestic Violence Legal Empowerment and Appeals Project, Aequitas, The Legal Aid Society of Cleveland, Advocates for Basic Legal Equality, Inc., and Legal Aid of Western Ohio, Inc.

_____