[Cite as *Sproat v. State*, 2022-Ohio-746.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STEVEN SPROAT,

    PLAINTIFF-APPELLANT,           CASE NO. 17-21-16

    v.

STATE OF OHIO,                     O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Shelby County Common Pleas Court
Trial Court No. 21CV000037

Judgment Affirmed

Date of Decision: March 14, 2022

APPEARANCES:

    *Darren L. Meade* for Appellant

    *Timothy S. Sell* for Appellee

**MILLER, J.**

{¶1} Plaintiff-appellant, Steven Sproat, appeals the July 27, 2021 judgment of the Shelby County Court of Common Pleas denying his petition for relief from weapons disability. For the reasons that follow, we affirm.

{¶2} On January 4, 1999, Sproat pled guilty to one count of domestic violence, a first-degree misdemeanor, in Shelby County Municipal Court case number 99CRB-00005. He was sentenced to probation, fines, and costs. One year later, Sproat was successfully terminated from probation. Since that time, Sproat has had no other criminal record aside from an OVI charge approximately 14 years ago.

{¶3} On February 19, 2021, Sproat filed a "Petition for Relief from Weapons Disability Pursuant to R.C. 2923.14(A)" in the trial court. In his petition, Sproat stated that he applied for a concealed-carry license after completing the required course work; however, his application was denied on the basis of his 1999 misdemeanor domestic-violence conviction. Therefore, he petitioned the trial court to grant him relief from his weapons disability.

{¶4} The trial court held a hearing on Sproat's petition on May 14, 2021. At the hearing, the State indicated it did not oppose the petition. However, on July 27, 2021 the trial court filed its judgment entry denying Sproat's petition for relief from his firearm disability. In its judgment entry, the trial court reasoned that 1) Sproat

was not under a disability imposed by R.C. 2923.13 but rather, a federal firearms disability pursuant to 18 U.S.C. 922(g)(9), 2) the trial court did not have the authority to relieve Sproat of any disability imposed under federal law, and 3) because of his misdemeanor domestic-violence conviction, Sproat is not eligible for a concealed-carry license.

{¶5} Sproat filed his notice of appeal on August 23, 2021. He raises one assignment of error for our review.

### Assignment of Error

**The trial court erred as a matter of law in overruling Appellant's Motion for Relief from firearm disability.**

{¶6} In Sproat's assignment of error, he argues the trial court erred by denying his petition for relief from firearm disability. Specifically, Sproat argues the trial court erred by determining that he was under a federal firearms disability and not under a firearms disability imposed by R.C. 2923.13 which he claimed the court could remove. For the reasons that follow, we disagree.

{¶7} Ohio's weapons-under-disability statute, R.C. 2923.13, provides in pertinent part that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance, if * * * [t]he person * * * has been convicted of any *felony* offense of violence * * *." (Emphasis added.) R.C. 2923.13(A). Accordingly, by the plain language of the statute, Sproat's conviction for

*misdemeanor* domestic violence does not trigger a firearms disability under Ohio law because it is not a *felony* offense of violence.

{¶8} Nevertheless, 18 U.S.C. 922(g)(9) provides that "[i]t shall be unlawful for any person * * * who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Accordingly, Sproat's misdemeanor conviction for domestic violence triggered a firearms disability under the federal Gun Control Act.

{¶9} However, the definitions section of the Gun Control Act carves out four exceptions to the firearms disability for misdemeanor convictions of domestic violence:

> A person shall not be considered to have been convicted of such an offense for purposes of [18 U.S.C. 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned *or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)* unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis added.) 18 U.S.C. 921(a)(33)(B)(ii).

{¶10} R.C. 2923.14 governs the determination of whether Sproat has had his "civil rights restored" under the meaning of the Gun Control Act. *State ex rel. Suwalski v. Peeler*, ---Ohio St.3d ---, 2021-Ohio-4061, ¶ 7. In pertinent part, R.C.

2923.14 permits a common pleas court to grant an application for the removal of a firearm disability provided that the applicant: (1) "has been fully discharged" if the disability was the result of a conviction, (2) "has led a law-abiding life since discharge * * * and appears likely to continue to do so," and (3) "is not otherwise prohibited from acquiring, having, or using firearms." R.C. 2923.14(D). Sproat reasons that all of the conditions delineated in R.C. 2923.14(D) have been met and that, accordingly, the trial court had the ability to remove his federal firearm disability.

{¶11} However, in *State ex rel. Suwalski v. Peeler*, the Supreme Court of Ohio recently addressed the issue of whether a state common pleas court has the authority to grant relief from the federal firearms disability resulting from a misdemeanor domestic-violence conviction. The Court stated that, "[u]nder Ohio's weapons-under-disability statute, an offender's conviction for misdemeanor domestic violence (or any other misdemeanor) does not bar the offender from acquiring, having, carrying, or using a firearm." *Peeler* at ¶ 28. Thus, as a matter of federal law, Sproat, who was convicted of misdemeanor domestic violence, is ineligible to have his firearms rights restored through the state courts of Ohio because he never lost those rights under Ohio law. *Id.*

{¶12} Furthermore, the Court in *Peeler* held that R.C. 2923.14(D)(3) does not provide an Ohio court with the ability to grant relief from a firearms disability

to a petitioner who is convicted of misdemeanor domestic violence because "in order for an Ohio court to grant relief from a firearms disability, the applicant must not be 'otherwise prohibited by law from acquiring, having, or using firearms.'" *Peeler* at ¶ 29, quoting R.C. 2923.14(D)(3). However, such an individual is prohibited by federal law from possessing firearms by virtue of his domestic-violence conviction. *Id.* Thus, a person convicted of misdemeanor domestic violence "does not qualify for any relief from * * * firearms disability under R.C. 2923.14." *Id.* Therefore, because Sproat is prohibited by federal law from possessing firearms, he does not qualify to have his firearms disability removed under R.C. 2923.14. *Id.* Consequently, the trial court did not err by denying Sproat's petition for relief from firearms disability.

{¶13} Accordingly, Sproat's assignment of error is not well taken and is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Shelby County Court of Common Pleas.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**