[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fisk*, Slip Opinion No. 2022-Ohio-4435.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4435

THE STATE OF OHIO, APPELLANT, *v*. FISK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fisk*, Slip Opinion No. 2022-Ohio-4435.]

*Criminal law—Marsy's Law, Ohio Constitution, Article I, Section 10a—Restitution—Scope of Marsy's Law is inadequate to answer whether prosecuting attorney, on behalf of the state, is entitled to appeal under Marsy's Law a trial court's denial of restitution to crime victim—Court of appeals' judgment reversed and cause remanded for that court to address state's appeal under applicable statutes regarding state's authority to appeal issue of restitution.*

(No. 2021-1047—Submitted July 12, 2022—Decided December 13, 2022.)

APPEAL from the Court of Appeals for Montgomery County,

No. 28798, 2021-Ohio-1973.

————————————

**O'CONNOR, C.J.**

{¶ 1} Appellee, Zacary L. Fisk, was sentenced to an indefinite prison term of two to three years for the felonious assault of Steven Patton. At sentencing, the trial court denied Patton's request for restitution to compensate him for the medical bills he incurred as a result of the assault. Fisk appealed his conviction and appellant, the state of Ohio, cross-appealed, challenging the trial court's decision to deny restitution to Patton. The Second District Court of Appeals affirmed the trial court's judgment of conviction, 2021-Ohio-1973, ¶ 34, 47, and held that the state lacked standing to appeal the trial court's restitution decision under Article I, Section 10a of the Ohio Constitution (known as "Marsy's Law"), 2021-Ohio-1973 at ¶ 44. The court of appeals therefore declined to reach the merits of the state's cross-appeal. *Id*. at ¶ 46. For the reasons set forth below, we reverse the court of appeals' judgment and remand this matter to that court to consider the merits of the state's cross-appeal.

## Background

{¶ 2} A jury found Fisk guilty of one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2). The offenses stemmed from an altercation in which Fisk attacked and repeatedly stabbed Patton, his mother's fiancé.[1] As a result of the assault, Patton suffered life-threatening injuries and incurred more than $177,000 in medical bills. Prior to sentencing, the trial court reviewed Patton's victim-impact letter and medical bills. Patton also provided a victim-impact statement at the sentencing hearing, during which he again mentioned having incurred more than $177,000 in medical expenses because of Fisk's assault—medical expenses that he claimed the Department of Veterans Affairs declined to cover through his veteran benefits.

---

1. The jury acquitted Fisk of attempted murder.

**{¶ 3}** The trial court merged the felonious-assault counts for sentencing and sentenced Fisk to an indefinite prison term of two to three years. The trial court denied Patton's restitution request, however, stating that the court needed documentation from the Department of Veterans Affairs regarding the "noncoverage, [and] the reason that coverage of any kind was declined." The state objected, arguing that Patton had provided medical bills that reflected the cost of his medical treatment and that it was unnecessary for Patton "to have to provide to the Court a reason why [the Department of Veterans Affairs was] declining coverage."

**{¶ 4}** Fisk appealed his conviction and the state cross-appealed, challenging the trial court's decision to deny restitution. The state argued that the trial court should have ordered restitution to cover Patton's medical bills that the Department of Veterans Affairs declined to cover, or at least, should have granted Patton the opportunity to acquire additional documentation regarding the declined coverage. The state asserted that the trial court's denial of restitution to Patton clearly violated his constitutional right under Marsy's Law to "full and timely restitution from the person who committed the criminal offense," *see* Article I, Section 10a(A)(7), Ohio Constitution. In response, Fisk argued that the state lacked standing under Marsy's Law to appeal the denial of restitution. The Second District agreed with Fisk, holding that the state did not have standing to appeal the trial court's decision denying restitution. It therefore affirmed the trial court's judgment without reaching the merits of the restitution issue. 2021-Ohio-1973 at ¶ 46-47.

**{¶ 5}** We accepted the state's discretionary appeal. *See* 165 Ohio St.3d 1490, 2021-Ohio-4409, 178 N.E.3d 513. In its sole proposition of law, the state argues that Marsy's Law "gives standing to the State of Ohio, through the prosecuting attorney who tried the defendant's criminal case, to challenge on appeal the trial court's decision not to order restitution as part of a defendant's sentence."

## Analysis

**{¶ 6}** When interpreting the language of a constitutional provision ratified by direct vote, like Marsy's Law, we consider how the language would have been understood by the voters who adopted the amendment. *Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, 166 N.E.3d 1167, ¶ 22, citing *Castleberry v. Evatt*, 147 Ohio St. 30, 33, 67 N.E.2d 861 (1946). We generally apply the same rules of construction that govern the interpretation of statutes, starting with the plain language of the provision, *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 14, and "considering how the words and phrases would be understood by the voters in their normal and ordinary usage," *Knab* at ¶ 22, citing *District of Columbia v. Heller*, 554 U.S. 570, 576-577, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).

### *Marsy's Law*

**{¶ 7}** In 2017, Ohio voters adopted an initiative known as Marsy's Law, which amended Article I, Section 10a of the Ohio Constitution. The language in the 2017 general-election ballot informed voters that the proposed amendment would "expand the rights of victims" and "require that the rights of victims be protected as vigorously as the rights of the accused." Ohio Secretary of State, *Ballot Board: 2017*, https://www.ohiosos.gov/globalassets/ballotboard/2017/2017-08-17-certifiedballotlanguageissue1.pdf (accessed Nov. 22, 2022). The ballot language also explained that the purpose of the amendment was to secure for victims "due process, respect, fairness, and justice" in the criminal-justice system. *Id*.

**{¶ 8}** As adopted, Marsy's Law expressly notes that its purpose is "[t]o secure for victims justice and due process throughout the criminal and juvenile justice systems." Article I, Section 10a(A). One of the rights Marsy's Law affords victims is the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim." Article I, Section

4

10a(A)(7). Marsy's Law also provides victims with the ability to vindicate their enumerated rights or any other right afforded to them by law in the courts:

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense * * * or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

Article I, Section 10a(B); *see also State ex rel. Suwalski v. Peeler*, 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048, ¶ 15.

*The court of appeals misinterpreted Marsy's Law*

{¶ 9} The court of appeals construed Marsy's Law to "leave[] the State without standing to appeal" on behalf of the victim a trial court's decision to deny restitution. 2021-Ohio-1973 at ¶ 44. In doing so, it examined the two sentences that make up Article I, Section 10a(B). It noted that the first sentence of the constitutional provision states that the " 'victim, *the attorney for the government* upon request of the victim, or the victim's other lawful representative' " may assert in the trial court the rights afforded to the victim. (Emphasis sic.) 2021-Ohio-1973 at ¶ 40, quoting Article I, Section 10a(B); *see also id*. at ¶ 43. The court of appeals, however, explained that in the second sentence of Section 10a(B), the drafters omitted "the attorney for the government" as a party with the ability to advocate for the victim on appeal, *id*. at ¶ 40, 43. The court of appeals reasoned that "[h]ad the drafters of Marsy's Law intended for the State to be able to advocate on appeal for a victim after relief was denied below, they would have included the *attorney for*

*the government* language" in the second sentence, but "[t]hey specifically did not, instead only mentioning *the victim* or the *victim's lawful representative*." (Emphasis sic.) *Id*. at ¶ 43.  The court of appeals concluded that this omission left the state without standing to appeal the restitution issue because it "suffered no injury"; Patton, not the state, was the aggrieved party, *id*. at ¶ 44-45.  The Second District accordingly declined to reach the merits of the state's challenge to the trial court's decision to deny restitution to Patton.  *Id*. at ¶ 46.

{¶ 10} We first address the problem that arises from the way the parties and the court of appeals have framed the issue.  The question was framed as whether the language in Marsy's Law provides *standing* for the state to petition the court of appeals regarding a trial court's decision to deny restitution.  " 'Standing' is defined at its most basic as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' "  (Brackets sic.)  *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004).  "The issue of standing determines 'whether a litigant is entitled to have a court determine the merits of the issues presented.' "  *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994).

{¶ 11} Marsy's Law is concerned with providing *victims* with enumerated rights; it is *not* concerned with providing the state with any legal rights or claims.  Indeed, the purpose of Marsy's Law was to "expand the rights of *victims*" (emphasis added), *Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, 166 N.E.3d 1167, at ¶ 15,  and to ensure that *victims* receive " 'due process, respect, fairness, and justice,' " *id*., quoting Marsy's Law ballot language.  Article I, Section 10a(B) enables victims to assert their rights in the courts on their own or through "the attorney for the government upon request of the victim" or "the victim's other lawful representative."  That constitutional provision also provides victims with the

ability to petition the court of appeals, either on their own or through their "lawful representative" if the relief sought is denied. *Id.*

**{¶ 12}** Thus, Article I, Section 10a(B) is a mechanism for victims, not the state. Whether the state, through a prosecuting attorney, may petition the court of appeals on behalf of the victim under Article I, Section 10a(B) is a question of the state's *authority* to represent the victim and assert the victim's rights, not one of the state's *standing* to make a legal claim or seek judicial enforcement of its own rights. Indeed, Fisk acknowledges as much, asserting in his brief to this court that "Marsy's Law gives rights to victims, not prosecutors," and "gives prosecutors the *authority* to represent victims." (Emphasis added.)

**{¶ 13}** Consequently, the relevant question is whether Marsy's Law or some other law provides the prosecuting attorney for the state with the authority to petition the court of appeals if the relief sought by the victim is denied. Here, the court of appeals concluded that because the phrase "the attorney for the government" is omitted from the second sentence of Article I, Section 10a(B), the drafters of Marsy's Law did not intend that the attorney for the government be able to petition the court of appeals on behalf of the victim after relief is denied. But the Second District never addressed in its analysis the effect, if any, of the word "other" in the phrase "the victim's other lawful representative," in the first sentence of the constitutional provision. Nor did the court of appeals discuss the fact that the state did not file its cross-appeal as Patton's representative. As a result, the court of appeals essentially concluded that Marsy's Law prohibits the state from advocating for the victim on appeal if the relief sought is denied, regardless of whether the state petitioned the court of appeals upon the request of the victim or under a statute that provides the state with the ability to appeal. We find this conclusion to be needlessly broad and inconsistent with the purposes of Marsy's Law that were described above.

{¶ 14} The state argues that we should read Marsy's Law, specifically the second sentence of Article I, Section 10a(B), as allowing the state to petition the court of appeals as "the victim's lawful representative" when the victim's claim for restitution is denied by the trial court. But the state does not allege that Patton requested that it petition the court of appeals on his behalf, nor does the record reflect as much. Indeed, the prosecuting attorney filed its cross-appeal on behalf of "the State of Ohio," not on behalf of Patton. As a result, the record before us establishes that the prosecuting attorney cross-appealed the trial court's decision to deny restitution on behalf of the state as the *state's* legal representative. *See State v. Montgomery*, __ Ohio St.3d __, 2022-Ohio-2211, __ N.E.3d __, ¶ 17 ("The prosecuting attorney is the state's legal representative in all criminal matters"), citing *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 21, and R.C. 309.08(A).

{¶ 15} In light of the above considerations, the scope of Marsy's Law is inadequate to answer whether the prosecuting attorney, on behalf of the state of Ohio, is entitled to appeal the denial of restitution to the victim. Marsy's Law gives *victims* the ability to assert their rights on their own or through "the attorney for the government upon request of the victim" or "the victim's other lawful representative," and to "petition the court of appeals," either on their own or through their "lawful representative" if the requested relief is denied. Article I, Section 10a(B).

{¶ 16} Marsy's Law does not describe, and, to date, the General Assembly has not yet provided by statute "how such a petition might entitle a victim to relief." *Suwalski*, 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048, at ¶ 38. Yet, other statutes do address the state's authority to appeal and the issue of restitution, and it is presumed that the drafters of Marsy's Law and the voters who approved it knew of these statutes, *see State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 6; *State ex rel. Engle v. Indus. Comm.*, 142 Ohio St. 425, 432,

52 N.E.2d 743 (1944) (explaining that the "general rule as to the interpretation of constitutional amendments" is that "[t]he body enacting the amendment will be presumed to have had in mind existing constitutional or statutory provisions and their judicial construction, touching the subject dealt with"). The parties debate the application of additional statutes in resolving this case, such as R.C. 2953.08(B)(2), which permits the prosecuting attorney to appeal a sentence imposed upon a defendant for a felony on the basis that the sentence is contrary to law, and R.C. 2929.18, which governs restitution in felony cases. But the sole issue raised to this court concerned whether *Marsy's Law* "gives standing to the State of Ohio, through the prosecuting attorney who tried the defendant's criminal case, to challenge on appeal the trial court's decision not to order restitution as part of a defendant's sentence."

{¶ 17} Whether the state is indeed entitled to relief under applicable state law is more appropriately considered on remand. At that time, the court of appeals may analyze the merits of the state's cross-appeal under applicable statutes regarding the state's authority to appeal the issue of restitution. Likewise, the court of appeals may consider any alleged forfeiture issues at that time.

### Conclusion

{¶ 18} For the foregoing reasons, we reverse the judgment of the Second District Court of Appeals and remand the case to that court to address the merits of the state's cross-appeal.

Judgment reversed
and cause remanded.

FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

DEWINE, J., concurs in judgment only, with an opinion.

_____

**DEWINE, J., concurring in judgment only.**

{¶ 19} I concur in the judgment of the majority reversing the judgment of the Second District Court of Appeals. The prosecuting attorney filed an appeal on behalf of the state challenging the trial court's denial of restitution. It is well within the state's authority to appeal a decision regarding restitution. *See* R.C. 2929.01(DD) and (EE) (restitution is part of the criminal sentence); R.C. 2953.08(B)(2) (the state may appeal a sentence that is contrary to law). The state has an interest in ensuring the criminal law is enforced, and here it suffered an injury-in-fact from the trial court's failure to order restitution. It therefore has standing to appeal the trial court's decision. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016).

{¶ 20} The prosecutor's arguments on appeal might have been more complete. He discussed the victim's constitutional rights but did not mention the interests of the state in enforcing the criminal law. It is certainly not unusual, though, for prosecutors to advocate in court for the interests of crime victims.

{¶ 21} Regardless, these issues do not create a *standing* problem. The state has suffered an injury that is remediable through an appeal. I therefore agree with the majority that the court of appeals erred by dismissing the state's appeal, and I join in the court's judgment remanding the case to that court for it to consider the merits of the state's claims.

───────────────

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

Elizabeth A. Well, urging reversal for amici curiae, National Crime Victim Law Institute and Ohio Crime Victim Justice Center.

───────────────