OPINION *Page 2 
{¶ 1} Defendant-Appellant Patrick Heffley ("Heffley) appeals from the July 5, 2006 Judgment Entry of Sentencing of the Court of the Common Pleas, Allen County Ohio, sentencing him to 12 months in prison for the charge of Domestic Violence in violation of Ohio Revised Code Section2919.25(A) and (D)(3).
 {¶ 2} This case originated on January 20, 2006 when the Allen County Grand Jury returned an indictment charging Heffley with one count of Domestic Violence, a felony of the fourth degree, in violation of R.C.2919.25(A) and (D)(3). The indictment charged that on or about December 22, 2005 Heffley "did knowingly cause or attempt to cause physical harm to a family or household member . . . having previously been convicted of domestic violence . . ." Heffley filed a written plea of not guilty on January 27, 2006.
 {¶ 3} This matter proceeded to a bench trial on April 20, 2006. At the close of evidence, the trial court found Heffley guilty of the charge of Domestic Violence as contained in the indictment. The court ordered a pre-sentence investigation and set this matter for sentencing on May 25, 2006.
 {¶ 4} On June 15, 2006 Heffley filed a motion to set aside his conviction. Heffley's motion was based upon the case of State v.McKinley (May 22, 2006), 3rd Dist. No. 8-05-14,2006-Ohio-2507, in which the Third District Court of *Page 3 
Appeals found R.C. 2919.25 unconstitutional as applied in that case on the basis of the Defense of Marriage Amendment to the Ohio Constitution.
 {¶ 5} The trial court conducted a hearing on Heffley's motion and on June 27, 2006, entered a Judgment Entry overruling Heffley's motion to set aside his conviction. In its Judgment Entry, the trial court found the instant case to be factually and legally distinguishable fromMcKinley and determined that the Defense of Marriage Amendment did not require a determination that R.C. 2919.25 is unconstitutional as applied to Heffley.
 {¶ 6} On July 5, 2006 Heffley's sentencing hearing was held pursuant to R.C. 2929.19. The court sentenced Heffley to twelve (12) months in prison for his conviction of Domestic Violence, a violation of R.C.2919.25(A) and (D)(3). The court also granted Heffley credit for 15 days already served.
 {¶ 7} Heffley now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION TO SET ASIDE THE CONVICTION FINDING THE APPELLANT GUILTY OF THE SOLE COUNT OF THE INDICTMENT, NAMELY DOMESTIC VIOLENCE, DUE TO THE UNCONSTITUTIONALITY OF OHIO REVISED CODE SECTION 2919.25(A)(1), AS APPLIED TO APPELLANT IN LIGHT OF THE PASSAGE OF OHIO CONSTITUTIONAL AMENDMENT ARTICLE XV, SECTION 11. *Page 4 
 {¶ 8} In his sole assignment of error, Heffley contends that the trial court erred in overruling his motion to set aside his conviction because the domestic violence statute under which he was convicted is unconstitutional as applied to him in light of Section 11, Article XV of the Ohio Constitution. Specifically, Heffley argues that although he was cohabitating with the victim and although they were previously married, they were not married at the time of the incident. Therefore, Heffley argues that to find him guilty of domestic violence elevates the status of his relationship with the victim to one of marriage, which is unconstitutional in light of State v. McKinley, supra.
 {¶ 9} In order to prevail on this issue, Heffley must demonstrate that the trial court abused its discretion by denying his motion to set aside his conviction. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 10} Heffley was charged with and convicted under R.C. 2919.25(A) which states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." In addition, R.C.2919.25(F) states as follows: *Page 5 
 As used in this section and sections 2919.251 and 2919.26 of the Revised Code:
 (1)"Family or household member" means any of the following:
 (a)Any of the following who is residing or has resided with the offender:
 (i) A spouse, a person living as a spouse, or a former spouse of the offender;
 (ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 (iii) A parent or child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 (b)The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 (2)"Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.
 {¶ 11} Section 11, Article XV of the Ohio Constitution, also known as the Defense of Marriage Amendment, provides as follows:
 Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage. (Emphasis added).
 {¶ 12} This court addressed the constitutionality of R.C. 2919.25 in relation to the Defense of Marriage Amendment in State v. McKinley, supra. In McKinley, the issue presented was whether cohabitation approximates marriage and whether R.C. 2919.25 creates or recognizes a legal status for cohabitants. *Page 6 
 {¶ 13} In McKinley, the defendant-appellant (McKinley) and the victim were boyfriend and girlfriend who were living together at the time of the domestic violence incident. McKinley was not the spouse or former spouse of his victim. McKinley was convicted of violating R.C. 2919.25, and on appeal, challenged only that portion of R.C. 2919.25 relating to unmarried, heterosexual cohabitants who have not parented any children together. Specifically, McKinley argued that R.C. 2919.25 and State v.Williams (1997), 79 Ohio St.3d 459, created a legal relationship between unmarried individuals who are cohabitating which was contrary to the Defense of Marriage Amendment.
 {¶ 14} In McKinley, we held that as applied to McKinley, R.C.2919.25(F) categorized victims based on marital-type relationships and recognized a legal status for cohabitants. Therefore, we found R.C.2919.25 to be unconstitutional pursuant to the Defense of Marriage Amendment as applied to one man and one woman who cohabitate and have not parented children together. However, in contrast to the factual situation set forth in McKinley, Heffley's victim was his formerspouse.
 {¶ 15} We agree with the trial court's finding that "[a] former spouse who resides with an offender is one of three separate, potentially non-parental, status categories that are included in the R.C. 2919.25(F) definition of `family or household member.'" Accordingly, a "former spouse" such as Heffley's victim is *Page 7 
victim-status category separate and distinct from a "person living as a spouse" such as McKinley's victim.
 {¶ 16} On one hand, the broad language of the second sentence of the Defense of Marriage Amendment does not distinguish or allow exception for the past status of the parties. As a result, the cohabiting former spouses in this case are, just as in the McKinley case, protected under the language of R.C. 2919.25 as unmarried individuals in a relationship, which approximates the design, qualities, significance, or effect of a marriage.
 {¶ 17} On the other hand, the question remains whether the status of "former spouse" can be said to "intend to approximate a marriage" when in fact the term "former" by definition, expressly disavows the marital relationship.
 {¶ 18} Upon consideration, a majority of this panel would answer this question in the negative and therefore would concur with the following analysis of the trial court as applied to this case:
 A status as a former spouse does not intend to approximate marriage when it specifically defines a relationship that existed in the past, but does not exist anymore. As applied to former spouses, R.C. 2919.25 does not intend to approximate the "design, qualities, significance, or effect of marriage," which is prohibited by the Defense of Marriage Amendment. Nor does the relationship of "former spouses" intend to approximate a present marriage. To hold otherwise would be to ignore the meaning of the word "former."
See trial court's June 27, 2006 Judgment Entry, page 5. *Page 8 
 {¶ 19} Accordingly, it is our conclusion that recognition in R.C.2919.25 of the legal status of a former spouse does not have the same constitutional infirmity as recognition of the status of a person living as a spouse, as was the situation in McKinley.
 {¶ 20} Based upon the foregoing, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Heffley's motion to set his conviction and sentencing Heffley to 12 months in prison for the crime of domestic violence. Therefore, Heffley's sole assignment of error is overruled and the judgment of the Allen County Court of Common Pleas is affirmed.
Judgment Affirmed.
 ROGERS, P.J. and WILLAMOWSKI, J., concur. *Page 1