[Cite as *State v. Heffley*, 2024-Ohio-2218.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  CASE NO. 1-23-66

v.

PATRICK HEFFLEY,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2006 0003

Judgment Reversed and Cause Remanded

Date of Decision:  June 10, 2024

APPEARANCES:

    *Andrea Henning* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**GWIN, J.,**

{¶1} Defendant-Appellant Patrick Heffley ("Heffley") appeals from the September 12, 2023 Judgment Entry of the Court of Common Pleas, Allen County Ohio, denying his application for relief from disability pursuant to R.C. 2923.14.

*Facts and Procedural History*

{¶2} Heffley had previously been convicted on April 12, 2000, in Lima Municipal Court, Case Number 99 CRB 03373, of one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. He was again convicted on January 20, 2004, in Lima Municipal Court, Case Number 03CRB0266, of one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree.

{¶3} This case originated on January 20, 2006 when the Allen County Grand Jury returned an indictment charging Heffley with one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A) / (D)(3). The indictment charged that on or about December 22, 2005 Heffley "did knowingly cause or attempt to cause physical harm to a family or household member ... having previously been convicted of domestic violence ..." *State v. Heffley,* 3rd Dist. Allen No. 1-06-60, 2007-Ohio-904, ¶2.

{¶4} This matter proceeded to a bench trial on April 20, 2006. At the close of evidence, the trial court found Heffley guilty of the charge of Domestic Violence as contained in the indictment. The court ordered a pre-sentence investigation report

and set this matter for sentencing on May 25, 2006. Id. at ¶3. On July 5, 2006, Heffley's sentencing hearing was held pursuant to R.C. 2929.19. The court sentenced Heffley to twelve months in prison for his conviction of Domestic Violence, a violation of R.C. 2919.25(A) / (D)(3). Id. Heffley appealed and this Court upheld Heffley's conviction and sentence. Id.

{¶5} On August 14, 2023, Heffley filed an "Application for Relief from Weapons Disability pursuant to R.C. 2923.14." On August 17, 2023, the state's response to Hefley's application was filed. The matter proceeded to a hearing on September 8, 2023.

{¶6} Heffley served a term of incarceration in this case, paid his fines and court costs, and was successfully released from post release control and all requirements of the Court. T., *Motion Hearing*, Sept. 8, 2023 at 4. Heffley is presently self-employed as a mechanic. Id. Heffley further testified that he has children, and was seeking relief from the disability to take his son out to show him how to properly use weapons. Id. at 5. Heffley has training in the use of weapons from the military and he also received an honorable discharge from his military service. Id. Further, Heffley has led a law-abiding life since his release from this case and is not aware of any other prohibitions keeping him from acquiring a firearm. Id. at 5-6. Under cross examination, Heffley testified that no weapon was used in the incidents that led to his convictions for domestic violence. Id. at 7. When

asked about his encounters with law enforcement since 2006, Heffley stated that he may have been pulled over once, he thinks for a seatbelt violation. Id.

{¶7} The court took the matter under advisement. The trial judge denied the application by Judgement Entry filed September 12, 2023, "in the careful exercise of discretion, considering that defendant was under a federal disability."

*Assignments of Error*

{¶8} Heffley raises two Assignments of Error,

{¶9} "I. THE FINDING THAT HEFFLEY WAS NOT ELIGIBLE FOR RELIEF UNDER R.C. 2923.14 BECAUSE HE WAS OTHERWISE PROHIBITED BY LAW FROM ACQUIRING, HAVING OR USING FIREARMS WAS CONTRARY TO LAW.

{¶10} "II. THE DENIAL OF HEFFLEY'S APPLICATION FOR RELIEF FROM DISABILITY UNDER R.C. 2923.14 WAS AN ABUSE OF DISCRETION."

I.

{¶11} In his First Assignment of Error, Heffley contends that the trial judge erred when he found that Heffley could not seek relief from his firearms disability because he did not meet the prerequisite for discretionary relief set out in R.C. 2923.14(D)(3) that he is "not otherwise prohibited by law from acquiring, having, or using firearms."

**Standard of Appellate Review**

**{¶12}** Because the issue raised by the proposition of law involves the interpretation of a statute, which is a question of law, we review the trial judge's judgment de novo. *State v. Leyh,* 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶14; *State v. Reed,* 162 Ohio St.3d 554, 2020-Ohio-4255, 166 N.E.3d 1106, ¶ 12; State *v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9, *citing Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13

**Issue for Appellate Review:** *Whether the trial judge's decision finding that Heffley was not eligible for relief from disability pursuant to R.C. 2923.14 because he is "otherwise prohibited by law from acquiring, having, or using firearms" by virtue of 18 U.S.C. 922(g)(1) is legally correct.*

*Heffley's misdemeanor domestic violence convictions*

**{¶13}** 18 U.S.C. 922 (g) provides that it shall be unlawful for any person

> (9) who has been convicted in any court of a misdemeanor crime of domestic violence to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**{¶14}** Under federal law, a person has four mechanisms of relief from a federal firearm disability imposed under 18 U.S.C. 922(g)(9). *Stimmel v. Sessions*,

879 F.3d 198, 207 (6th Cir. 2018). "They can (1) petition to set aside their conviction; (2) seek a pardon; (3) have their conviction expunged; or (4) have their civil rights fully restored." Id.

{¶15} However, as relevant to the case at bar, 18 U.S.C. 921 defines a "misdemeanor crime of domestic violence" as

> (33)(A) Except as provided in subparagraphs (B) and (C), the term "misdemeanor crime of domestic violence" means an offense that--
>
> (i) is a misdemeanor under Federal, State, Tribal, or local law; *and*
>
> (ii) *has, as an element*, *the use or attempted use of physical force, or the threatened use of a deadly weapon*, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.
>
> * * *
>
> (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been

expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Emphasis added.

**{¶16}** In the case at bar, Heffley's two misdemeanor domestic violence convictions are pursuant to R.C. 2919.25(C), which provides, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." As the convictions under R.C. 2919.25(C) do not have as an element "the use or attempted use of physical force, or the threatened use of a deadly weapon" the convictions would not fall within the definition of "misdemeanor crime of domestic violence" under 18 U.S.C. 921(33)(A)(ii).

**{¶17}** In addition, Heffley's misdemeanor convictions do not qualify as a "felony offense of violence." Therefore, R.C. 2923.13 does not prohibit him from acquiring, having, carrying, or using any firearm or dangerous ordnance under state law. Heffley has not lost any of his civil rights as a result of his misdemeanor convictions. *State ex rel. Suwalski v. Peeler,* 167 Ohio St.3d 38, 2021-Ohio-4061,

188 N.E.3d 1048, ¶28. Because Heffley has completed all aspects of his sentences in the misdemeanor cases, state law does not impose a disability on Heffley. Id.

**{¶18}** We note that in its judgment entry denying Heffley's application for relief from disability, the trial court relied, in part, on this court's opinion in *State v. Sproat*, 3d Dist. Shelby No. 17-21-16, 2022-Ohio-746. In that case, the appellant petitioned the trial court for relief from his weapons disability that had been imposed pursuant to his conviction for first-degree misdemeanor domestic violence. The trial court denied Sproat's request on the basis that it did not possess the authority to relieve the defendant from disability imposed under federal law. On appeal, we affirmed the trial court's decision on the grounds that "a person convicted of misdemeanor domestic violence 'does not qualify to have his firearms disability removed under R.C. 2923.14.'" *Sproat* at ¶ 12, quoting *State ex rel. Suwalski v. Peeler*, 167 Ohio St.3d 38, 2021-Ohio-4061, ¶ 29.

**{¶19}** However, in contrast to *Sproat*, whose first-degree domestic violence conviction did meet the definition of a misdemeanor crime of domestic violence pursuant to 18 U.S.C. 921(33)(A)(ii), and, consequently, was under a federal firearms disability, Heffley's domestic-violence conviction in violation of R.C. 2919.25(C) did not subject him to a weapons disability pursuant to federal law. Thus, in the instant case, the trial court's reliance on *Sproat* was misplaced.

**{¶20}** Accordingly, because Heffley's misdemeanor convictions do not bar him under Ohio law from possessing a firearm, and do not meet the definition of a

"misdemeanor crime of domestic violence" under 18 U.S.C. 921(33)(A)(ii), Heffley is not "otherwise prohibited by law" from acquiring, having, carrying, or using any firearm or dangerous ordnance because of his state misdemeanor convictions for domestic violence.

### *Heffley's felony domestic violence conviction*

**{¶21}** Heffley was convicted of domestic violence a felony of the fourth degree pursuant to R.C. 2919.25(A) / (D)(3). A fourth-degree felony is punishable by a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). In addition, domestic violence is classified as an "offense of violence." R.C. 2901.01(9)(a). Because Heffley was convicted of *felony* domestic violence his conviction is for a *felony* offense of violence. Because he was convicted of a felony offense of violence, R.C. 2923.13(A)(2) provides that unless relieved from disability under operation of law or legal process, he shall not knowingly acquire, have, carry, or use any firearm or dangerous ordnance.

**{¶22}** In the case at bar, the trial judge ruled that Heffley was barred from being relieved of his disability to own a firearm under Ohio law pursuant to R.C. 2923.14(D)(3) because he was under a disability imposed under federal law pursuant to 18 U.S.C. 922(g)(1).

**{¶23}** 18 U.S.C. 922 (g) provides that it shall be unlawful for any person,

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**{¶24}** 18 U.S.C. 921(a)(33)(B)(ii) provides, however,

A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

**{¶25}** Because Heffley was convicted of a felony offense of violence, his felony conviction cannot be expunged. R.C. 2953.32(A)(1)(b).

**{¶26}** The law of the jurisdiction in which a person was convicted determines whether the person has had his "civil rights restored" within the meaning of the 18 U.S.C. 921. *See, Caron v. United States*, 524 U.S. 308, 312-313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). Governing such a determination under Ohio law is R.C.

2923.14. *State ex rel. Suwalski v. Peeler,* 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048, ¶7.

{¶27} As previously mentioned, under Ohio's Having Weapons While Under a Disability law, R.C. 2923.13(A)(2), an offender's conviction for a felony crime of violence bars the offender from acquiring, having, carrying, or using a firearm under Ohio law. Felony domestic violence is a felony of the fourth degree, a crime punishable by imprisonment for a term exceeding one year; therefore, the exception contained in 18 U.S.C. 921(a)(33)(B)(ii) is applicable to Heffley's felony domestic violence conviction.

{¶28} Heffley is eligible to have his firearms rights restored because he lost those rights under Ohio law. *Compare, State ex rel. Suwalski v. Peeler,* 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048, ¶29. Further, the General Assembly did indicate an intent to authorize courts to restore firearms rights lost by domestic-violence offenders under 18 U.S.C. 922(g)(1). An uncodified section of 2011 H.B. No. 54, which amended R.C. 2923.14 states:

> It is the intent of the General Assembly in amending section 2923.14 of the Revised Code to apply the amendments to that section retroactively to any restoration of rights granted previously to any applicant under section 2923.14 of the Revised Code or under any previous version of that section. The General Assembly is explicitly making this amendment to clarify that relief from a weapons disability

-11-

granted under section 2923.14 of the Revised Code *restores a person's civil firearm rights to such an extent that the uniform federal ban on possessing any firearms at all, 18 U.S.C. 922(g)(1), does not apply to that person, in* correlation with the U.S. Supreme Court's interpretation of 18 U.S.C. 921(a)(20) in *Caron* [524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303].

(Emphasis added.) 2011 H.B. No. 54, Section 3. *Compare, State ex rel. Suwalski*, ¶30-31. ("Ewing overstates the reach of Section 3. That provision *expressly refers to a court's authority to relieve a person of a disability that was imposed under 18 U.S.C. 922(g)(1)*. But Ewing's federal firearms disability arose by operation of 18 U.S.C. 922(g)(9), not 18 U.S.C. 922(g)(1).") (Emphasis added).

{¶29} 18 U.S.C. 921(a)(33)(B)(ii) empowers a state to remove a federal firearms disability when, under the state's law, the person has had those rights restored. *State ex rel. Suwalski*, ¶27. Accordingly, we find that the trial judge erred as a matter of law in finding Heffley was "otherwise prohibited by law from acquiring, having or using firearms."

{¶30} Heffley's First Assignment of Error is sustained.

II.

{¶31} In his Second Assignment of Error, Heffley contends that the trial judge abused his discretion by denying his motion for relief from disability.

**Standard of Appellate Review**

{¶32} "By using the word 'may,' the General Assembly has drafted a permissive statute." *In re Chrosniak*, 8th Dist. Cuyahoga No. 105459, 2017–Ohio–7408, ¶ 14, *citing in re I.A.*, 140 Ohio St.3d 203, 2014–Ohio–3155, ¶ 13. "Because the determination of whether to grant an application for relief from disability under R.C. 2923.14(D) is vested within a trial court's broad discretion, '[a] court of appeals reviews a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard.'" Id., *citing State v. Brown*, 8th Dist. Cuyahoga No. 96615, 2011–Ohio–5676, ¶ 17." *In re Allender*, 11th Dist. Portage No. 2017-P-0090, 2018-Ohio-2147, ¶ 13; *Accord, State v. Lerch,* 4th Dist. Washington No. 15CA39, 2016-Ohio-2791, ¶22; *State v. Miller,* 5th Dist. Stark No. 2020 CA 00132, 2021-Ohio-1148, ¶12.

**Issue for Appellate Review**: *Whether the trial judge abused his discretion in denying Heffley's motion for relief from disability.*

{¶33} The trial judge considered the fact that he believed Heffley to be under a federal firearms disability in the exercise of his discretion denying the motion for relief from disability. As we noted in our disposition of Heffley's First Assignment of Error, the trial judge erred as a matter of law in finding that Heffley was ineligible to have his firearm rights restored under R.C. 2923.14 because of 18 U.S.C. 922(g)(1).

{¶34} R.C. 2923.14(D) provides that even if Heffley meets the criteria to the trial court's satisfaction, it is still within the court's discretion whether to grant or deny the application. *State v. Lerch*, 4th Dist. Washington No. 15CA39, 2016-Ohio-2791, ¶24. "[A] trial court is free to consider the nature and extent of the applicant's prior criminal activity in determining that the person is not a fit subject for relief[.]" Id. at ¶26.

{¶35} Accordingly, Heffley's Second Assignment of Error is sustained to the extent the trial judge based his discretion on an erroneous interpretation of the law. We therefore remand this case to the trial court to determine based upon the record whether to grant or deny Heffley's motion for relief from disability.

{¶36} The judgment of the Allen County Court of Common Pleas is reversed and this matter is remanded for proceedings in accordance with our Opinion and the law.

*Judgment Reversed*
*and Cause Remanded*

**ZIMMERMAN and MILLER, J.J., concur.**

**\*\*Judge W. Scott Gwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**