[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heffley*, Slip Opinion No. 2026-Ohio-1990.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1990

THE STATE OF OHIO, APPELLANT, *v.* HEFFLEY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heffley*, Slip Opinion No. 2026-Ohio-1990.]

*Criminal law—R.C. 2923.14—A trial court may grant an R.C. 2923.14 application for relief from a state firearms disability when the applicant's Ohio conviction created both his state and federal firearms disabilities—Court of appeals' judgment affirmed and cause remanded to trial court.*

(No. 2024-1304—Submitted September 17, 2025—Decided June 2, 2026.)

APPEAL from the Court of Appeals for Allen County,

No. 1-23-66, 2024-Ohio-2218.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DETERS, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented with an opinion.

**DeWine, J.**

{¶ 1} Because of a felony domestic-violence conviction, Patrick Heffley was barred by Ohio law from having a gun. An Ohio statute, R.C. 2923.14, however, allows a trial court to remove a state firearms disability. Heffley applied for relief from his state disability, but the court denied his application.

{¶ 2} To take advantage of the statute, an applicant must not be "otherwise prohibited by law" from possessing a firearm. R.C. 2923.14(D)(3). As the trial court saw it, Heffley's problem was that federal law prohibits a person from owning a firearm if he has been convicted of a violent felony under state law unless the state disability has been removed. The trial court reasoned that because Heffley was "otherwise prohibited" from owning a firearm under federal law, he was unable to have his state disability removed, even though removal of the state disability would also remove the federal disability.

{¶ 3} Trapped in the quandary of the trial court's logic, Heffley appealed to the Third District Court of Appeals. He argued that he is not "otherwise prohibited" because the single conviction that he is seeking relief from created both the state and federal disabilities. The court of appeals agreed with Heffley and remanded the case to the trial court to consider the merits of his application. Heffley is correct that he is not otherwise prohibited from possessing a firearm, so we affirm the judgment of the Third District.

## I. BACKGROUND

{¶ 4} In 2006, Heffley was found guilty of domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A) and (D)(3). He served a prison term, paid his fines and court costs, and was successfully discharged from post-release control. But as a result of being convicted of a felony offense of violence, Heffley was prohibited from owning a firearm "[u]nless relieved from disability under operation of law or legal process." R.C. 2923.13(A); *see also* R.C. 2901.01(A)(9) (defining "[o]ffense of violence").

{¶ 5} Seventeen years after his conviction, Heffley filed an application for relief from his Ohio firearms disability under R.C. 2923.14. That statute allows a person who is "prohibited from acquiring, having, carrying, or using firearms [to] apply to the court of common pleas in the county in which the person resides for relief from such prohibition." R.C. 2923.14(A)(1). If a person meets the requirements of the statute—including having "led a law-abiding life since discharge or release, and appears likely to continue to do so," R.C. 2923.14(D)(2)—a trial court has discretionary authority to grant relief from the disability.

{¶ 6} The trial court denied Heffley's application. One requirement for a successful R.C. 2923.14 application is that the applicant is "not otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(3). Federal law, however, prohibits anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from having "any firearm or ammunition" unless their civil rights have been restored and the restoration of rights does not explicitly bar the person from having a firearm. 18 U.S.C. 922(g)(1); *see also* 18 U.S.C. 921(a)(20) (defining "crime punishable by imprisonment for a term exceeding one year"). Because Heffley's felony domestic-violence conviction was punishable by a prison term up to 18 months, *see* R.C. 2929.14(A)(4), he was also under a federal firearms disability. The trial court reasoned that because Heffley was under a federal firearms disability, he was otherwise prohibited by law from acquiring, having, or using firearms.

{¶ 7} Heffley appealed to the Third District. He argued that his federal disability, which arose from his state conviction, did not mean he was otherwise prohibited by law from having firearms. The Third District agreed and reversed the judgment of the trial court. 2024-Ohio-2218, ¶ 36 (3d Dist.). The court of appeals recognized that under federal law, a person does not have a federal firearms disability if his civil rights have been restored under state law, unless state law precludes the person from having a firearm. *Id.* at ¶ 24. Because the granting of

Heffley's application for relief from his state firearms disability would restore the rights suspended by Heffley's domestic-violence conviction, it would also provide relief from his federal disability. Therefore, the Third District saw Heffley's federal disability as no obstacle to his R.C. 2923.14 application. *Id.* at ¶ 29.

{¶ 8} But the Third District did not summarily grant Heffley's application. It recognized that even if a person meets the statutory criteria for relief from firearms disability, it is within the trial court's discretion whether to grant or deny the application. *Id.* at ¶ 34, citing *State v. Lerch*, 2016-Ohio-2791, ¶ 24 (4th Dist.) (noting R.C. 2923.14's use of "may" rather than "shall"). So, it remanded the case "to the trial court to determine based upon the record whether to grant or deny Heffley's motion for relief from disability." *Id.* at ¶ 35.

## II. ANALYSIS

{¶ 9} We accepted the State's appeal on the question whether a federal firearms disability arising from a state conviction prevents a trial court from granting relief from a state firearms disability. *See* 2024-Ohio-5529. Because this case involves the interpretation of an Ohio statute and its intersection with federal law, we begin with the Ohio statute and the relevant federal authorities.

### A. State and Federal Firearms Disabilities

{¶ 10} R.C. 2923.14 allows qualifying individuals to apply for relief from an Ohio firearms disability. If an applicant has a federal firearms disability because of a criminal conviction but Ohio does not independently disable the applicant because of that conviction, then R.C. 2923.14 is inapplicable. *State ex rel. Suwalski v. Peeler*, 2021-Ohio-4061, ¶ 28.

{¶ 11} An applicant under R.C. 2923.14 must provide "[a]ll indictments, convictions, or adjudications upon which the applicant's disability is based" and "[f]acts showing the applicant to be a fit subject for relief." R.C. 2923.14(B). Following a hearing, a court "may grant" relief if three criteria are met:

4

(1) . . .

(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

. . .

(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

R.C. 2923.14(D). The statute further provides, "Relief from disability granted pursuant to this section restores the applicant to all civil firearm rights to the full extent enjoyed by any citizen . . . ." R.C. 2923.14(F).

{¶ 12} Federal law also may impose firearms disabilities. Relevant here is 18 U.S.C. 922(g)(1), which prohibits any person convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. But the statute specifically exempts from its application "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . , unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. 921(a)(20). So, a person is no longer prohibited from possessing a firearm by 18 U.S.C. 922(g)(1) if the person's civil rights limited by the disabling conviction have been restored and the restoration of rights does not expressly limit the person's right to have a firearm.

{¶ 13} "[T]he civil rights relevant under [18 U.S.C. 921(a)(20)] are the rights to vote, hold office, and serve on a jury." *Logan v. United States*, 552 U.S.

23, 28 (2007). Heffley lost those rights as a result of his felony conviction. R.C. 2961.01(A)(1). But they were restored by operation of law following his release from prison. *See* R.C. 2961.01(A)(2) and 2967.16(C). Thus, Heffley is not under a federal firearms disability unless the "restoration of [his] civil rights expressly provides that [he] may not ship, transport, possess or receive firearms." 18 U.S.C. 921(a)(20).

{¶ 14} In *Caron v. United States*, 524 U.S. 308 (1998), the United States Supreme Court dealt with the question whether a former offender who had been convicted under state law had been relieved of his federal firearms disability. The Court first explained that what constitutes a restoration of civil rights is determined "by reference to the law of the convicting jurisdiction." *Caron* at 313, citing *Beecham v. United States*, 511 U.S. 368, 371 (1994). The parties agreed that Massachusetts, by operation of law, had restored the petitioner's civil rights to vote, hold office, and serve on a jury. *Id.* The question, though, was whether the petitioner was nonetheless barred from owning firearms under federal law by the provision of 18 U.S.C. 921(a)(20), providing that a restoration of civil rights relieves a firearms disability "unless . . . such restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." Massachusetts law allowed the petitioner to possess rifles and shotguns, but it did not allow him to possess handguns outside his home or business. *Id.* at 311. Under these circumstances, the Court concluded that the petitioner was not relieved from his federal firearms disability. It reasoned that the "unless clause" in the federal statute precluded relief from the firearms disability because Massachusetts law prohibited the petitioner from possessing certain types of guns that other citizens were allowed to own. *Id.* at 315. According to the Court, because Massachusetts law treated the petitioner as "too dangerous to trust" with certain types of guns, he had not been relieved of his federal disability. *Id.* at 316-317.

{¶ 15} After the United States Supreme Court's decision in *Caron*, the General Assembly amended R.C. 2923.14.  The amendment added the language in R.C. 2923.14(F) providing that a granted application "restores the applicant to all civil firearm rights to the full extent enjoyed by any citizen."  2011 H.B. No. 54.  It also removed a requirement in R.C. 2923.14(A) that had limited the statute's application to situations in which a disability existed "solely by reason" of the person's state firearms disability.  *Id.*  And in an uncodified section of the amendment, the General Assembly stated that it was

> explicitly making this amendment to clarify that relief from a weapons disability granted under section 2923.14 of the Revised Code restores a person's civil firearm rights to such an extent that the uniform federal ban on possessing any firearms at all, 18 U.S.C. 922(g)(1), does not apply to that person, in correlation with the U.S. Supreme Court's interpretation of 18 U.S.C. 921(a)(20) in Caron v. U.S. (1998), 524 U.S. 308.

*Id.* at Section 3.

### B.  Heffley Is Eligible to Have His State Firearms Disability Removed

{¶ 16} Under federal law, relieving Heffley from his Ohio firearms disability will also relieve him from his federal firearms disability stemming from the same conviction.  The question we confront is whether a trial court may grant an R.C. 2923.14 application for relief from a state firearms disability when an Ohio conviction creates both the state and federal disabilities.  On a fair reading of R.C. 2923.14, we conclude that the answer is yes.

{¶ 17} Both Heffley and the State rely largely on textual arguments to support their positions.  The State argues that under R.C. 2923.14(D)(3), a person who is under a federal firearms disability is "otherwise prohibited by law" from

possessing a firearm and is thus ineligible to have his state firearms disability removed.  Even though removing the state disability would remove the federal one, the State maintains that removal of the federal disability must come first.  Heffley rejoins that the phrase "otherwise prohibited by law" refers to the source of the disability and thus permits a trial court to remove a disability if the federal disability arises only because of the state conviction.  Although both parties raise reasonable arguments in support of their construction of the statute, we conclude that Heffley's reading is the better one.

{¶ 18} The operative word here is "otherwise."  "Otherwise" means "in a different way or manner."  *Webster's Third New International Dictionary* (2002).  So, what is the "different way" in the context of R.C. 2923.14 that a person may be prohibited by law from possessing a firearm?  We look to the structure and text of R.C. 2923.14 for the answer.

{¶ 19} Every R.C. 2923.14 application must contain, among other things, "[a]ll indictments, convictions, or adjudications upon which the applicant's disability is based."  R.C. 2923.14(B)(1).  And if the applicant omits such a conviction from the application, the applicant's disability arising from that conviction is not relieved.  R.C. 2923.14(F)(1).  Relief from a firearms disability is therefore granted on a conviction-by-conviction basis.  Understood in this light, the statute's use of "otherwise" refers to whether a *separate* conviction—i.e., one other than those identified in the application—otherwise imposes a firearms disability on the applicant.

{¶ 20} In this case, Heffley's state and federal firearms disabilities arise from a single state conviction—his 2006 domestic-violence conviction—which is the subject of his application for relief.  Heffley has only one disabling conviction.  He is not *otherwise* prohibited by law from having a firearm.

{¶ 21} Other portions of the statute support this reading.  R.C. 2923.14(F) provides that removal of the state disability "restores the applicant to all civil

8

firearm rights to the full extent enjoyed by any citizen." This language suggests that the General Assembly understood that a successful application would relieve not only state firearm disabilities but also attendant federal disabilities caused by the state conviction. This understanding is strengthened by the uncodified part of the statute, which provides that this language was added to clarify that a restoration of a person's civil rights would remove a federal firearms disability under 18 U.S.C. 922(g)(1).

{¶ 22} The State's contrary position would lead to a stalemate: theoretically, a federal disability could be removed by an Ohio court's restoration of the applicant's Ohio firearm rights, but an Ohio court would be powerless to restore the applicant's Ohio rights because of the federal disability. Because every Ohio violent-felony conviction would trigger both state and federal firearm disabilities, an R.C. 2923.14 application would be futile. But "when the text of a statute makes its purpose clear, and we must choose between two permissible readings of the statutory text, an interpretation that advances the purpose of the statute is to be preferred over one that would thwart that purpose." *State ex rel. More Bratenahl v. Bratenahl*, 2019-Ohio-3233, ¶ 15; *see also* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 56-57 (2012). Heffley's reading of "otherwise prohibited by law" is consistent with the purpose that is conveyed by the statutory text, while the State's reading would render the statute largely unavailable to those with firearms disabilities resulting from a felony conviction.

{¶ 23} The dissenting opinion begins with a half-hearted textual attempt to support its preferred reading of the law, but quickly betrays that its true aim has everything to do with policy and little to do with what the law actually says. It proclaims that "even if state law did not prohibit Heffley from possessing firearms, 18 U.S.C. 922(g)(1) would still apply to him." Dissenting opinion, ¶ 34. But, of course, that's not true. As explained above, the statute specifically exempts from its application "[a]ny conviction . . . for which a person has been pardoned or has

had civil rights restored" unless the restoration of rights "expressly provides" that the person may not own firearms, 18 U.S.C. 921(a)(20).

{¶ 24} Unable to muster a coherent textual argument, the dissenting opinion switches gears and charges that our interpretation "creates a galling disparity in the law," leads to an "absurd result," and "harm[s] the rule of law." *See* dissenting opinion at ¶ 37-38. The dissenting opinion bases these allegations on the fact that Congress has allowed States to remove federal firearms disabilities only when the disability is created by state law, meaning that state law cannot remove an independently created federal disability flowing from a misdemeanor conviction. *See* 18 U.S.C. 922(g)(1); *Suwalski*, 2021-Ohio-4061, at ¶ 28. But if the dissenting jurist does not like the law that Congress enacted, she should take that up with her representative in Congress. Our task is to apply the laws that have been enacted, not the ones that the dissenting jurist thinks should have been enacted.

{¶ 25} The author of the dissenting opinion seems particularly concerned that applying the laws that Congress and the General Assembly enacted will "lessen[] the protection for future victims of felony-level domestic violence." Dissenting opinion at ¶ 37. But, of course, Congress and the General Assembly could have removed felony domestic violence from the crimes for which a former offender may have his firearms rights restored. Neither chose to do so. Instead, Congress left the restoration of rights to the States, and the General Assembly entrusted trial judges with the responsibility of making an individualized determination of whether an eligible former offender has sufficiently demonstrated that his firearms rights should be restored. In implying that policy rationales justify departing from the legislatively enacted scheme, it is the author of the dissenting opinion who would "harm the rule of law."

{¶ 26} The trial court incorrectly concluded that Heffley was ineligible to have his firearms disability removed because Heffley was "otherwise prohibited" from owning a firearm under federal law. Our decision today reverses that

determination and remands the matter to the trial court to make a discretionary decision whether to grant Heffley's request for relief from his disability.

### III. CONCLUSION

{¶ 27} Because Heffley's state and federal firearm disabilities stem from the same Ohio conviction, he is not "otherwise prohibited by law" from possessing a firearm for purposes of R.C. 2923.14. We therefore affirm the judgment of the Third District Court of Appeals. We remand this matter to the Allen County Court of Common Pleas to determine whether to grant or deny Heffley's application for relief from his firearms disability.

Judgment affirmed
and cause remanded to the trial court.

_____

**BRUNNER, J., dissenting.**

{¶ 28} In 2006, appellee, Patrick Heffley, was convicted of domestic violence in violation of R.C. 2919.25(A) and (D)(3), a fourth-degree felony. As a result of that conviction, two different laws—one state and one federal—prohibited him from possessing firearms. The Ohio law provides that persons convicted of a "felony offense of violence" may not "knowingly acquire, have, carry, or use" a firearm. R.C. 2923.13(A)(2); *see also* R.C. 2901.01(A)(9) (defining "[o]ffense of violence"). The federal law prohibits any person convicted of "a crime punishable by imprisonment for a term exceeding one year" from receiving or possessing a firearm "in or affecting commerce." 18 U.S.C. 922(g)(1); *see also* 18 U.S.C. 921(a)(20) (defining "crime punishable by imprisonment for a term exceeding one year").

{¶ 29} Ohio law allows "any person who is prohibited from acquiring, having, carrying, or using firearms" to "apply to the court of common pleas in the county in which the person resides for relief from" an Ohio firearms prohibition. R.C. 2923.14(A)(1). To grant relief from an Ohio firearms prohibition, the trial

court must find, among other things, that the applicant "has been fully discharged from imprisonment, community control, post-release control, and parole," R.C. 2923.14(D)(1)(a), and "is not otherwise prohibited by law from acquiring, having, or using firearms," R.C. 2923.14(D)(3).

{¶ 30} In August 2023, Heffley filed an application for relief from his Ohio firearms disability under R.C. 2923.14(A)(1). When he filed his application, he had fully served his sentence for purposes of R.C. 2923.14(D)(1). The trial court concluded, however, that the federal prohibition still applied to him, meaning he was "otherwise prohibited by law from acquiring, having, or using firearms" under R.C. 2923.14(D)(3). The trial court therefore denied his application.

{¶ 31} The Third District Court of Appeals disagreed. It noted that an exception to the federal firearms prohibition applies when a person has had his or her civil rights restored. *See* 2024-Ohio-2218, ¶ 24-29 (3d Dist.). In the court of appeals' view, the exception applies to Heffley, meaning he is not "otherwise prohibited by law" from possessing a firearm. *See id.* at ¶ 27-29.

{¶ 32} I would hold that the court of appeals erred in concluding that the exception to the federal prohibition applies to Heffley. The applicable federal-prohibition exception provides:

> Any conviction . . . for which a person . . . has . . . had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. 921(a)(20). "[T]he civil rights relevant under the above-quoted provision are the rights to vote, hold office, and serve on a jury." *Logan v. United States*, 552 U.S. 23, 28 (2007). The final clause of 18 U.S.C. 921(a)(20) applies when the civil rights of a person convicted of a felony offense are restored by operation of state

law but the State nonetheless also "forbids one or more types of firearms" from being owned by that person, *Caron v. United States*, 524 U.S. 308, 314 (1998).

{¶ 33} As the majority opinion notes, Heffley lost the rights to vote, hold office, and serve on a jury due to his felony domestic-violence conviction, *see* R.C. 2961.01(A)(1), but those rights were restored by operation of state law upon his release from prison, *see* R.C. 2961.01(A)(2) and 2967.16(C). *See* majority opinion, ¶ 13. Despite the restoration of Heffley's civil rights, R.C. 2923.13(A)(2) expressly prohibits him from possessing firearms because his conviction was for a "felony offense of violence." Consequently, under the United States Supreme Court's decision in *Caron*, 18 U.S.C. 921(a)(20) does not apply to Heffley, and he remains subject to the federal prohibition in 18 U.S.C. 922(g)(1). Thus, I would vacate the Third District's judgment and reinstate the trial court's judgment, which correctly denied Heffley's application.

{¶ 34} R.C. 2923.14(D)(3) provides that relief from an Ohio firearms disability cannot be granted by a trial court if the applicant is "otherwise prohibited by law" from possessing a firearm. The federal firearms prohibition in 18 U.S.C. 922(g)(1) is independent of the state firearms prohibition in R.C. 2923.13(A), the former having been enacted by Congress and not the General Assembly. It is independently applicable to Heffley: even if state law did not prohibit Heffley from possessing firearms, 18 U.S.C. 922(g)(1) would still apply to him. *See, e.g.*, *State ex rel. Suwalski v. Peeler*, 2021-Ohio-4061, ¶ 28 (involving a defendant who was not subject to any state firearms prohibition but was nonetheless subject to the federal firearms prohibition in 18 U.S.C. 922(g)(1)). As a result, Heffley is "otherwise prohibited by law" from possessing a firearm, R.C. 2923.14(D)(3), and his application was properly denied.

{¶ 35} The majority opinion's contrary conclusion strains reason. Even though relief from an Ohio firearms disability is, in the majority opinion's words, "granted on a conviction-by-conviction basis," majority opinion at ¶ 19, it does not

follow that the phrase "otherwise prohibited by law" in R.C. 2923.14(D)(3) refers *only* to situations in which the applicant is subject to a firearms prohibition arising from a "*separate* conviction" (emphasis in original), majority opinion at ¶ 19. As explained above, the plain language of the phrase "otherwise prohibited by law" in R.C. 2923.14(D)(3) includes the federal prohibition in 18 U.S.C. 922(g)(1), even though that prohibition is triggered by the same conviction that led to the Ohio firearms disability in this case.

{¶ 36} While the majority opinion may seek to further the General Assembly's intent in amending R.C. 2923.14, *see* 2011 H.B. No. 54, the plain language of R.C. 2923.14(D)(3) says what it says. To the extent the state and federal prohibitions create a catch-22, whereby the existence of the state prohibition makes it impossible for the federal prohibition to be removed and vice versa, that situation is for the General Assembly to address, if it wishes to do so.

{¶ 37} Finally and critically, in its apparent haste to lift the firearms prohibition from Heffley, the majority opinion creates a galling disparity in the law that is inconsistent with the legislative scheme relating to the continuum of sanctions that is applied based on increasing levels of the seriousness of criminal offenses as found in Ohio's criminal code. As explained in *Suwalski*, persons convicted of certain *misdemeanor* domestic-violence offenses cannot regain the ability to lawfully possess firearms, 2021-Ohio-4061 at ¶ 28, but under today's majority opinion, persons convicted of certain *felony* domestic-violence offenses *are* able to regain the ability to lawfully possess firearms. Thus, the majority opinion predictably lessens the protection for future victims of felony-level domestic violence while at the same time affording more protection for future victims of misdemeanor-level domestic-violence—an absurd result. *See State v. Wells*, 2001-Ohio-3, ¶ 12 ("statutes will be construed to avoid unreasonable or absurd consequences"). By failing to apply the plain meaning of "otherwise prohibited by law" as that phrase is used in R.C. 2923.14(D)(3) to Heffley's case,

the majority opinion engages in results-oriented jurisprudence, potentially harming people whom the law is designed to protect.

{¶ 38} Moreover, majority opinions like this one harm the rule of law. Distilled to its essence, the rule of law calls on the judiciary to apply laws fairly and follow established rules in rendering decisions. But the majority opinion does not do that here. Instead, it undermines the public trust, creates a result that is more likely to cause continued harm to victims, and sets the stage for more serious repeat crimes to occur.

{¶ 39} I strongly dissent from the court's judgment. I would vacate the judgment of the Third District Court of Appeals and reinstate the trial court's judgment.

————————————

Destiny R. Caldwell, Allen County Prosecuting Attorney, and John R. Willamowski Jr., Assistant Prosecuting Attorney, for appellant.

Huffman, Kelley & Brock, L.L.C., and Andrea Henning, for appellee.

————————————